IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Gaspar, Austin Walker, and Devin Heath | )<br>)<br>) |
| Plaintiffs, | ) Case No.:<br>)<br>) COMPLAINT FOR VIOLATION OF |
| v. | ) CIVIL RIGHTS<br>) |
| Chicago Police Officer Michelle Murphy, Star No. 4176, an Unknown Number of Unnamed Chicago Police Officers, and the City of Chicago | )<br>)<br>) **JURY DEMANDED**<br>) |
| Defendants. | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Christopher Gaspar ("Gaspar") was and is a citizen of the United States, and was within the jurisdiction of this court. He was born in October, 1996, and was less than 18 years old when the incident alleged below occurred in February, 2014.

4. At all times herein mentioned, Plaintiff Austin Walker ("Walker") was and is a citizen of the United States, and was within the jurisdiction of this court. He was born in July, 1997, and was less than 18 years old when the incident alleged below occurred in February, 2014.

5. At all times herein mentioned, Plaintiff Devin Heath ("Heath") was and is a citizen of the United States, and was within the jurisdiction of this court. He was born in January, 1997, and was less than 18 years old when the incident alleged below occurred in February, 2014.

6. At all times herein mentioned, Defendant Chicago Police Officer Michelle Murphy, Star No. 4176 ("Murphy") was employed by the Chicago Police Department as a Chicago Police Officer, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in her individual capacity.

7. At all times herein mentioned an unknown number of unnamed Chicago Police Officers ("Unknown Officers") were employed by the Chicago Police Department as Chicago Police Officers, and were acting under color of state law as the employees, agents or representatives of the Chicago Police Department. These defendants are being sued in their individual capacity. Once Plaintiffs discover their names Plaintiffs will file an amended complaint identifying the officers by name.

8. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department. At all relevant times the City of Chicago was the employer of all individual defendants.

## FACTUAL ALLEGATIONS

9. On or about February 7, 2014, Plaintiffs were lawfully located in the City of Chicago.

10. On that date Murphy communicated to fellow employees of the Chicago Police Department the false allegation that Plaintiffs had engaged in criminal activity.

2

11. Based upon Murphy's false communications accusing Plaintiffs of engaging in criminal activity Unknown Officers initiated a traffic stop of a vehicle in which Plaintiffs were traveling.

12. There was no legal cause to initiate a traffic stop of Plaintiffs' vehicle.

13. None of the Plaintiffs had engaged in any illegal behavior.

14. After initiating the traffic stop of Plaintiffs' vehicle Unknown Officers ordered Plaintiffs, at gun point, to exit their vehicle.

15. There was no legal cause for Unknown Officers to point guns at Plaintiffs.

16. After Plaintiffs exited their vehicle Unknown Officers used force to take Plaintiffs to the ground and handcuff them.

17. The use of force by Unknown Officers against Plaintiffs was unnecessary and unreasonable.

18. There was no legal justification for Unknown Officers to use force against Plaintiffs.

19. After being detained and restrained for a period of time all of the Plaintiffs were eventually released without being charged with any crime.

20. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, humiliation and indignities, and suffered emotional distress all to their damage in an amount to be ascertained.

21. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendant of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiffs Against Murphy for
### UNREASONABLE SEIZURE

23. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. By reason of the conduct by Murphy, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

25. Murphy violated Plaintiffs' rights in the following manner: Falsely reporting to fellow Chicago Police Personnel that Plaintiffs had engaged in criminal conduct so as to cause Plaintiffs to be seized by Chicago Police Officers was without any legal cause, was unreasonable and excessive, and was in violation of the Fourth Amendment. Therefore, Murphy is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiffs Against Murphy and the City of Chicago for
### FALSE IMPRISONMENT

26. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

27. Murphy procured Plaintiffs' arrest/seizure by other members of the Chicago Police Department when she falsely reported that Plaintiffs had engaged in criminal activity for the purpose of suggesting, encouraging, and/or requesting that Plaintiffs be arrested/seized.

28. The Unknown Officers that arrested/seized Plaintiffs did so based solely on the false information provided by Murphy.

29. The Unknown Officers did not observe Plaintiffs engage in any criminal activity.

30. The Unknown Officers did not have any source of information other than Murphy indicating that Plaintiffs had engaged in any criminal activity.

31. As a result of this false imprisonment Plaintiffs were injured emotionally and otherwise.

32. The City of Chicago is liable to Plaintiffs for the acts of Murphy pursuant to the doctrine of *respondeat superior*.

33. Therefore, Murphy and the City of Chicago are liable under the supplemental state law claim of False Imprisonment.

### COUNT III
### Plaintiffs against Unknown Officers for
### EXCESSIVE FORCE

34. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

35. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

36. The arbitrary use of force by Defendants against Plaintiffs was in violation of Plaintiffs' Constitutional Rights and not authorized by law. This use of force included

5

intentionally and unreasonably pointing guns at Plaintiffs and using force against their persons. These acts were in violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983

### COUNT IV
### Plaintiffs Against Unknown Officers and CITY OF CHICAGO For The Supplemental Claim Of BATTERY

37. Plaintiffs hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

38. Defendants, without any legal cause, used force against Plaintiffs intentionally or with willful and wanton reckless disregard for the safety of Plaintiffs.

39. The use of force by Defendants against Plaintiffs' persons constituted a battery to Plaintiffs.

40. As a result of the battery, Plaintiffs were injured physically, emotionally, and otherwise.

41. The City of Chicago is liable to Plaintiffs for the acts of Unknown Officers pursuant to the doctrine of *respondeat superior.*

42. Therefore, Defendants Unknown Officers and the City of Chicago are liable under the supplemental state law claim of Battery.

# COUNT V
## INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
### AGAINST DEFENDANT CITY OF CHICAGO

43. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 42 hereat as though fully set forth at this place.

44. The acts of Murphy and Unknown Officers were committed in the scope of their employment with the Defendant City of Chicago.

45. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of the individual defendants.

WHEREFORE, the Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/ Garrett Browne
Garrett Browne
ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/ Garrett Browne
Garrett Browne
ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com